# EXHIBIT A

# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

T. Francis Shields, President Judge John J. Joyce, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Other - (13)

# SC-26-07-15-4932

| Plaintiff(s) | Defendant(s) |
|---|---|
| Jordan Fuller<br>6024 N 13th St PA<br>Philadelphia, PA 19141 | Experian Information Solutions, Inc.<br>475 Anton Blvd<br>Costa Mesa, CA 92626 |

**Service Address (information) if other than above:**

***To the Defendant: Plaintiff** is seeking a money judgment against the **Defendant(s)** based on the following claim:*

Plaintiff brings this action against Experian Information Solutions, Inc. ("Experian") for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., after receiving an incomplete credit disclosure in June 2026. Experian failed to provide key information, including the Date of First Delinquency and full account numbers for several accounts, even though this information was contained in its files and required by law to be disclosed. These omissions made it difficult for Plaintiff to understand and verify his credit disclosure. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information contained in his consumer file at the time of his request. Similar disclosure deficiencies have affected thousands of consumers due to systemic issues in Experian's disclosure process. Despite knowing about these problems for years, Experian has failed to correct them while continuing to furnish and sell consumer reports about Plaintiff to third parties containing the very information it failed to disclose to Plaintiff. As a direct result of Experian's conduct, Plaintiff suffered frustration and emotional distress. Plaintiff requests that judgment be entered in his favor and against Experian, awarding the greater of statutory damages of $1,000 per violation (continued...)

## Summons to the Defendant

**You are hereby ordered to appear at a hearing scheduled as follows:**

## Citation al Demandado

**Por la presenta, Usted esta dirljido a presentarse a la siguiente:**

**1339 Chestnut Street 6th Floor**
**Philadelphia, PA 19107**
**Hearing Room: 6**

**August 21st, 2026**

**09:15 AM**

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 12000.00 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 12000.00 |
| Service | $ | 0.00 |
| State Fee | $ | 14.75 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 3.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 12095.75 |

Date Filed: 07/15/2026

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

LOUIS S SCHWARTZ

**Signature Plaintiff/Attorney**
**Atty ID #:** 053752

**Address & Phone** 1500 JOHN F. KENNEDY BOULEVARD SUITE 1825
PHILADELPHIA, PA 19102
215.790.1800

**NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICES**

**AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.**

**If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.**

# PHILADELPHIA MUNICIPAL COURT

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

T. Francis Shields, President Judge    John J. Joyce, Deputy Court Administrator

# SMALL CLAIMS COMPLAINT

# SC-26-07-15-4932

| Plaintiff | Defendant(s) |
|---|---|
| Jordan Fuller<br>6024 N 13th St PA<br>Philadelphia, PA 19141 | Experian Information Solutions, Inc.<br>475 Anton Blvd<br>Costa Mesa, CA 92626 |

**DESCRIPTION OR NATURE OF VIOLATION**

or actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), or actual damages pursuant to 15 U.S.C. § 1681o(a)(1), together with punitive damages under 15 U.S.C. § 1681n(a)(2). Plaintiff further seeks reasonable costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), as well as any other legal or equitable relief the Court deems just and appropriate.

**IN THE MUNICIPAL COURT OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**
**SMALL CLAIMS COURT**

| | | |
|---|---|---|
| **JORDAN FULLER,**<br>**PLAINTIFF**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>**DEFENDANT** | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | **JULY TERM, 2026**<br><br><br><br><br><br>**No.** |

## STATEMENT OF CLAIM

COMES NOW, Plaintiff Jordan Fuller, by and through undersigned counsel, and hereby brings this civil action against Defendant Experian Information Solutions, Inc. ("Experian") and, in support thereof, states as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff seeks damages not to exceed $12,000, exclusive of attorney fees and costs, brought by Plaintiff against Experian for violations of the Fair Credit Reporting Act ("FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 42 Pa.C.S. § 1123(a).

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to 42 Pa.C.S. § 1123(a).

4. Venue is proper in this Court because Plaintiff resides in Philadelphia County and the events giving rise to this claim occurred in Philadelphia County.

## III. PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c) of the FCRA.

7. Experian is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Experian is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

## IV. FACTUAL ALLEGATIONS

*Plaintiff's June 2026 Consumer Disclosure*

8. On or around June 17th, 2026, Plaintiff requested a copy of his consumer credit disclosure from Experian.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" ***disclose all information*** in Plaintiff's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

10. Experian provided an electronic copy of Plaintiff's Consumer Disclosure ("Experian's Disclosure") to him at his home address in Philadelphia, Pennsylvania.

*Experian's Disclosure Was Not Complete, Clear, or Accurate*

*Missing Date of First Delinquency*

11. Despite a requirement to disclose all information in his credit file at the time of his request, Experian's Disclosure omitted significant amounts of information contained in his credit file.

12. Experian's Disclosure indicated that Plaintiff's credit file contained two (2) accounts classified as "*Collection Accounts*." **See Exhibit A.**

13. The accounts were reported by the US Department of Education ("USDE").

14. Experian's Disclosure omitted the *Date of First Delinquency* ("DOFD") for the USDE accounts.

15. The DOFD is the operative date under 15 U.S.C. § 1681c(c), which governs the maximum permissible reporting period for adverse information. Section 1681c(c) requires consumer reporting agencies to exclude from consumer reports any adverse item of information that antedates the report by more than seven years, measured from the date of the delinquency that gave rise to the adverse entry.

16. Pursuant to 15 U.S.C. § 1681s-2(a)(5), data furnishers are required to notify a consumer reporting agency of the Date of First Delinquency when reporting any account placed for collection, charged off, or subjected to any similar action.

17. Upon information and belief, USDE reported the DOFD to Experian in compliance with § 1681s-2(a)(5), and that information was maintained within Experian's file regarding Plaintiff at the time of Plaintiff's request.

18. Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), when disclosing the USDE tradelines to Plaintiff, Experian omitted the DOFD, even though that information was maintained within Experian's file at the time of Plaintiff's request.

*Missing Account Numbers*

19. Making matters even more confusing for Plaintiff, Experian omitted the full Account Numbers relating to the USDE tradelines.

20. Upon information and belief, the USDE reported the full account numbers belonging to its respective accounts to Experian, and this information was contained within Experian's file regarding Plaintiff at the time of his request.

21. When Experian produces and sells reports regarding Plaintiff to third parties, the Date of First Delinquency and full account numbers are included in its reports.

22. The accuracy of Experian's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as with the contents of its files.

23. Having a duty to disclose ***all of the information*** regarding the accounts in Plaintiff's file, Experian breached its duty by failing to provide the Date of First Delinquency and full account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

24. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

25. In addition to the missing account numbers from the USDE tradelines, Experian disclosed a significant number of accounts reported by other data furnishers without full account numbers.

26. Specifically, Experian disclosed seventeen (17) additional tradelines without full account numbers.

27. Upon information and belief, all the aforementioned data furnishers reported full account numbers to Experian, and this information was contained within Experian's file on Plaintiff at the time of his request for his consumer disclosure.

28. Due to widespread systemic problems, Experian's automated systems omit the final four account numbers, the Date of First Delinquency, account information, and payment history.

29. Experian knows of this error but, despite such knowledge, has yet to correct it.

30. The failure to disclose the Date of First Delinquency, full account numbers, missing account information, and payment history violates the FCRA's requirement that Experian disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax,* Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

31. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied."

32. The lack of accurate Date of First Delinquency information and full account numbers caused Plaintiff great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

33. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **See Exhibit B.**

34. Experian's omission of the Date of First Delinquency and full account numbers greatly decreases Plaintiff's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

35. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Experian, states that:

> "This date is used to ensure compliance with the Fair Credit Reporting Act, and that "[t]he date in the Date of First Delinquency field must be determined each reporting period based on" the applicable account status codes. The Date of First Delinquency is used by the consumer reporting agencies for purging purposes."

**See Exhibit C**.

36. The Credit Reporting Resource Guide instructs data furnishers to report the Date of First Delinquency to consumer reporting agencies, including Experian, and recognizes the Date of First Delinquency as a mandatory, compliance-driven data field that furnishers are required to report and that consumer reporting agencies maintain for purposes of complying with the Fair Credit Reporting Act's requirements governing the reporting of adverse information.

37. Upon information and belief, USDE complied with the *Credit Reporting Resource Guide* and reported the Date of First Delinquency and full account numbers of its respective accounts to Experian.

*Prevalence of Experian's Date of First Delinquency and Account Number Errors*

38. Upon information and belief, Experian's Disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

39. Upon information and belief, this same template is used virtually every time a consumer requests their file from Experian through www.annualcreditreport.com.

40. Upon information and belief, www.annualcreditreport.com is where most consumers obtain their Experian credit disclosure.

41. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing Date of First Delinquency and account number errors.

42. Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Experian through www.annualcreditreport.com since the template's use began received a consumer disclosure with the same errors as Plaintiff.

43. Experian's error has therefore likely affected thousands of consumers.

44. Experian has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. See *Selvam v. Experian Information Solutions, Inc.*, 651 Fed. Appx. 29, 33 (2d Cir. 2016).

45. Experian's knowing and repeated conduct warrants an award of ***punitive damages.***

46. Experian's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

47. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

48. Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of that right.

49. Plaintiff has hired the undersigned law firm to represent him in this proceeding and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## V. COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681g(a)(1)

## AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

50. Plaintiff incorporates by reference paragraphs 1-49 of this Complaint.

51. Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a consumer, all of the information in his file at the time of the request. Specifically, Experian disclosed two (2) accounts reported by the US Department of Education without the Date of First Delinquency and full account numbers, and seventeen (17) accounts reported without full account numbers, account information, and payment history, even though the information was reported by the data furnishers.

52. Experian knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

53. The conduct, action, and inaction of Experian were willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover attorneys' fees and costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that judgment be entered in favor of Plaintiff and against Experian for:

A. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

B. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

C. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

D. Any other equitable relief the Court may deem just and appropriate.

Respectfully Submitted,

Dated: July 7, 2026

By: *<u>/s/ Louis Schwartz, Esq.</u>*
Louis S. Schwartz, Esq.
Consumer Law PA
1500 JFK Blvd, Ste 1825
Philadelphia, PA 19102
Tel. 215-790-1800
louis@creditlawoffice.com

# EXHIBIT A

## EXPERIAN CONSUMER DISCLOSURE

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| May 2026 | $324 | $53 | $30 on 4/30/2026 |
| Apr 2026 | $305 | $38 | $0 |
| Mar 2026 | $47 | $30 | $0 |
| Feb 2026 | $47 | $0 | $0 |

### Additional info

Between Apr 2026 and May 2026, your credit limit/high balance was $320

Between Feb 2026 and Mar 2026, your credit limit/high balance was $1,000

### Contact Info

| | |
|---|---|
| Address | PO BOX 71746,<br>PHILADELPHIA PA 19176 |
| Phone Number | (877) 417-1324 |

## U.S. DEPARTMENT OF EDUCATION

POTENTIALLY NEGATIVE

### Account Info

| | | | |
|---|---|---|---|
| Account Name | U.S. DEPARTMENT OF EDUCATION | Balance | $1,565 |
| Account Number | 8019XXXX | Balance Updated | 05/23/2026 |
| Account Type | Education | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Interest Type | Fixed | Original Balance | $1,537 |
| Date Opened | 12/16/2025 | Highest Balance | - |
| Status | Collection account. $1,565 past due as of May 2026. | Terms | 1 Month |
| Status Updated | Dec 2025 | On Record Until | Sep 2031 |

### Payment History

| J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | – | – | – | – | – | – | – |
| 2025 | – | – | – | – | – | – | – | – | – | – | – | C |

C Collection

**Payment history guide**

Collection as of May 2026 to Dec 2025

This account is scheduled to continue on record until Sep 2031.

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **Apr 2026** | **$1,559** | **$0** | **$0** |
| **Mar 2026** | **$1,553** | **$0** | **$0** |

### Additional info

The original amount of this account was $1,537

### Historical Info

| | |
|---|---|
| Original Creditor | **DIRECT LOANS** |

### Contact Info

| | |
|---|---|
| Address | **61 FORSYTH ST SW STE 19T40, ATLANTA GA 30303** |
| Phone Number | **(404) 974-9490** |

## U.S. DEPARTMENT OF EDUCATION

POTENTIALLY NEGATIVE

### Account Info

| | | | |
|---|---|---|---|
| Account Name | **U.S. DEPARTMENT OF EDUCATION** | Balance | **$3,069** |
| | | Balance Updated | **05/23/2026** |
| Account Number | **8019XXXX** | Recent Payment | - |
| Account Type | **Education** | Monthly Payment | - |
| Responsibility | **Individual** | Original Balance | **$3,013** |
| Interest Type | **Fixed** | Highest Balance | - |

| | | | |
|---|---|---|---|
| Date Opened | 12/16/2025 | Terms | 1 Month |
| Status | Collection account. $3,069 past due as of May 2026. | On Record Until | Sep 2031 |
| Status Updated | Dec 2025 | | |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | — | — | — | — | — | — | — |
| 2025 | — | — | — | — | — | — | — | — | — | — | — | C |

C Collection

**Payment history guide**

Collection as of May 2026 to Dec 2025

This account is scheduled to continue on record until Sep 2031.

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **Apr 2026** | **$3,057** | **$0** | **$0** |
| **Mar 2026** | **$3,045** | **$0** | **$0** |

**Additional info**

The original amount of this account was $3,013

## Historical Info

| | |
|---|---|
| Original Creditor | DIRECT LOANS |

## Contact Info

| | |
|---|---|
| Address | 61 FORSYTH ST SW STE 19T40, ATLANTA GA 30303 |
| Phone Number | (404) 974-9490 |

# Public Records

# EXHIBIT B

# FTC OPINION LETTER

FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.

Asst. General Counsel

TRANS UNION

555 West Adams Street

Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# EXHIBIT C

## CREDIT REPORTING RESOURCE GUIDE

# Field Definitions

## Base Segment

| FIELD | FIELD NAME & DESCRIPTION | 426 Character Format | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 25 | **FCRA Compliance/Date of First Delinquency**<br><br>This date is used to ensure compliance with the Fair Credit Reporting Act.<br><br>The date in the Date of First Delinquency field must be determined each reporting period based on the following hierarchy:<br><br>1. For Account Status Codes 61-65, 71, 78, 80, 82-84, 88-89 and 93-97, report the date of the first 30-day delinquency that led to the status being reported. This date should be 30 days after the Due Date. If a delinquent account becomes current, the Date of First Delinquency should be zero filled. Then if the account goes delinquent again, the Date of First Delinquency starts over with the new first delinquency date.<br>2. For Account Status Codes 05 and 13, if the Payment Rating is 1, 2, 3, 4, 5, 6, G or L, report the date of the first 30-day delinquency that led to the Payment Rating being reported. This date should be 30 days after the Due Date.<br>3. For Consumer Information Indicators A-H and Z (Bankruptcies), 1A (Personal Receivership) and V-Y (Reaffirmation of Debt Rescinded with Bankruptcy Chapters), if the account is current (Account Status Code 11 or Account Status Code 05 or 13 with Payment Rating 0), report the date of the bankruptcy/personal receivership petition or notification. Even though the account is not delinquent, this date is required for purging purposes.<br><br>If none of the conditions listed in the above hierarchy apply, the Date of First Delinquency should be zero filled.<br><br>**Note: Consumer Information Indicators W, X and Y are obsolete for reporting as of September 2010, Consumer Information Indicator Z is obsolete for reporting as of April 2021, and Account Status Code 05 is obsolete for reporting as of April 2022. These codes may no longer be reported.**<br><br>The Date of First Delinquency is used by the consumer reporting agencies for purging purposes. Format for character date is MMDDYYYY. Format for packed date is 0MMDDYYYYs — where s is the sign.<br><br>**Notes:**<br>• **Refer to Exhibit 9 for detailed reporting instructions, examples and excerpts from the Fair Credit Reporting Act.**<br>• **First-time reporters should refer to Frequently Asked Question 22 for important information.** | 8 | 190-197 | N |


*Copyright 2022 © Consumer Data Industry Association*
Return to Table of Contents

# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
T. Francis Shields, President Judge John J. Joyce, Deputy Court Administrator

Court Room 6 at 09:15 AM on 08/21/2026

# SC-26-07-15-4932

| Plaintiff | Defendant(s) |
|---|---|
| Jordan Fuller<br>6024 N 13th St PA<br>Philadelphia, PA 19141 | Experian Information Solutions, Inc.<br>475 Anton Blvd<br>Costa Mesa, CA 92626 |

***Defendant #:*** 2793569

# NOTICE TO DEFEND

You have been sued in Philadelphia Municipal Court. If you intend to enter a defense

to this Statement of Claim or Counterclaim you must:

1. Sign the notice where indicated below, and
2. Return in the self-addressed and stamped envelope provided.

If you fail to return this notice, and you appear in Court at the time and date specified in this Notice, your case may be given a new hearing date.

If you fail to appear in Court for your hearing, a judgment will be entered against you by default.

On I, the undersigned Party, will appear at the hearing in the above to defend my case.

I, the undersigned Party, hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information, and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities.

Signature of Party Telephone Number

*Return in the self-addressed and stamped envelope provided*

74-07/01/01

10003-3160745-10-rv