**THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JORDAN FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:26-cv-05741 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), through its undersigned counsel, hereby answers and responds to Plaintiff Jordan Fuller's ("Plaintiff") Complaint, filed in the Municipal Court of Philadelphia, Pennsylvania, July 7, 2026, and removed to the Eastern District of Pennsylvania on August 11, 2026, as follows. Experian admits that Plaintiff's pleading purports to be a complaint for violations of the Fair Credit Reporting Act ("FCRA") but denies that Experian violated the FCRA. Except as expressly stated, Experian denies each and every allegation in Plaintiff's Complaint. Experian's specific responses to the numbered allegations are set forth below. By adopting the structure set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein. Experian's investigation of this matter is ongoing and accordingly, it reserves the right to supplement or amend its Answer based on future investigation or discovery, as permitted by the rules and orders of the Court.

## I. PRELIMINARY STATEMENT[1]

1. Plaintiff seeks damages not to exceed $12,000, exclusive of attorney fees and costs, brought by Plaintiff against Experian for violations of the Fair Credit Reporting Act ("FCRA").

**ANSWER:** In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff purports to bring a claim under the FCRA for damages. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian denies, generally and specifically, the remaining allegations contained in Paragraph 1 of the Complaint.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 168lp and 42 Pa.C.S. § l 123(a).

**ANSWER:** In response to Paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 168lp and 42 Pa.C.S. § l 123(a). Experian states that this is a legal conclusion that is not subject to denial or admission.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to 42 Pa.C.S. § 1123(a).

**ANSWER**: In response to Paragraph 3 of the Complaint, Experian admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian states that the remaining allegations in Paragraph 4 of the Complaint are legal conclusions that are not subject to denial or admission.

4. Venue is proper in this Court because Plaintiff resides in Philadelphia County and the events giving rise to this claim occurred in Philadelphia County.

---

[1] Experian has adopted the Complaint's headings for reference only. Experian is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in any headings therein and, on that basis, denies, generally and specifically, each and every allegation contained in the Complaint's headings.

**ANSWER**: In response to Paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged venue is proper in Philadelphia County. Experian states that the remaining allegations in Paragraph 4 of the Complaint are legal conclusions that are not subject to denial or admission. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation.

**III. PARTIES**

**5.** Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

**ANSWER:** In response to Paragraph 5 of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation.

6. Plaintiff is a "consumer" as defined under 15 U.S.C. § 168la(c) of the FCRA.

**ANSWER:** In response to Paragraph 6 of the Complaint, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation.

7. Experian is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 168la(p) of the FCRA. Experian is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

**ANSWER:** In response to Paragraph 7 of the Complaint, Experian admits that it is a “consumer reporting agency” as that term is defined in 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

## IV. FACTUAL ALLEGATIONS

*Plaintiff's June 2026 Consumer Disclosure*

8. On or around June 17, 2026, Plaintiff requested a copy of his consumer credit disclosure from Experian.

**ANSWER:** In response to Paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 8 of the Complaint.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" ***disclose all information*** in Plaintiffs file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

**ANSWER**: In response to Paragraph 9 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation.

10. Experian provided an electronic copy of Plaintiffs Consumer Disclosure ("Experian's Disclosure") to him at his home address in Philadelphia, Pennsylvania.

**ANSWER:** In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 10 of the Complaint.

*Experian's Disclosure Was Not Complete, Clear, or Accurate*

*Missing Date of First Delinquency*

11. Despite a requirement to disclose all information in his credit file at the time of his request, Experian 's Disclosure omitted significant amounts of information contained in his credit file.

**ANSWER:** In response to Paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

12. Experian 's Disclosure indicated that Plaintiff's credit file contained two (2) accounts classified as *"Collection Accounts."* **See Exhibit A.**

**ANSWER:** In response to Paragraph 12 of the Complaint, Experian admits that Plaintiff alleges Exhibit A to be a credit report, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 12 of the Complaint.

13. The accounts were reported by the US Department of Education ("USDE").

**ANSWER:** In response to Paragraph 13 of the Complaint, Experian admits that Plaintiff alleges Exhibit A to be a credit report, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 13 of the Complaint.

14. Experian's Disclosure omitted the Date of First Delinquency ("DOFD") for the USDE accounts.

**ANSWER:** In response to Paragraph 14 of the Complaint, Experian admits that Plaintiff alleges Exhibit A to be a credit report, which report speaks for itself. Except as specifically admitted,

Experian denies, generally and specifically, each and every remaining allegation of Paragraph 14 of the Complaint.

15. The DOFD is the operative date under 15 U.S.C. § 168lc(c), which governs the maximum permissible reporting period for adverse information. Section 1681c(c) requires consumer reporting agencies to exclude from consumer reports any adverse item of information that antedates the report by more than seven years, measured from the date of the delinquency that gave rise to the adverse entry.

**ANSWER:** In response to Paragraph 15 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 15 of the Complaint.

16. Pursuant to 15 U.S.C. § 168ls-2(a)(5), data furnishers are required to notify a consumer reporting agency of the Date of First Delinquency when reporting any account placed for collection, charged off, or subjected to any similar action.

**ANSWER:** In response to Paragraph 16 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 16 of the Complaint.

17. Upon information and belief, USDE reported the DOFD to Experian in compliance with § 1681s-2(a)(5), and that information was maintained within Experian's file regarding Plaintiff at the time of Plaintiff's request.

**ANSWER:** In response to Paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation in Paragraph 17 of the Complaint.

18. Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 168lg(a), when disclosing the USDE tradelines to Plaintiff, Experian omitted the DOFD, even though that information was maintained within Experian's file at the time of Plaintiffs request.

**ANSWER:** In response to Paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein related to Experian.

*Missing Account Numbers*

19. Making matters even more confusing for Plaintiff, Experian omitted the full Account Numbers relating to the USDE tradelines.

**ANSWER:** In response to Paragraph 19 of the Complaint, Experian admits that Plaintiff has made allegations regarding the content of a credit report, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 19 of the Complaint.

20. Upon information and belief, the USDE reported the full account numbers belonging to its respective accounts to Experian, and this information was contained within Experian's file regarding Plaintiff at the time of his request.

**ANSWER:** In response to Paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 20 of the Complaint.

21. When Experian produces and sells reports regarding Plaintiff to third parties, the Date of First Delinquency and full account numbers are included in its reports.

**ANSWER:** : In response to Paragraph 21 of the Complaint, Experian admits that it is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

22. The accuracy of Experian 's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 168lg(a) as well as with the contents of its files.

**ANSWER:** In response to Paragraph 22 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 22 of the Complaint.

23. Having a duty to disclose ***all of the information*** regarding the accounts in Plaintiffs file, Experian breached its duty by failing to provide the Date of First Delinquency and full account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

**ANSWER:** In response to Paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

**ANSWER:** In response to Paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 24 of the Complaint.

25. In addition to the missing account numbers from the USDE tradelines, Experian disclosed a significant number of accounts reported by other data furnishers without full account numbers.

**ANSWER:** In response to Paragraph 25 of the Complaint, Experian admits that Plaintiff has made allegations regarding the contents of a credit report, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 25 of the Complaint.

26. Specifically, Experian disclosed seventeen (17) additional tradelines without full account numbers.

**ANSWER:** In response to Paragraph 26 of the Complaint, Experian admits that Plaintiff has made allegations regarding the contents of a credit report, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 26 of the Complaint.

27. Upon information and belief, all the aforementioned data furnishers reported full account numbers to Experian, and this information was contained within Experian's file on Plaintiff at the time of his request for his consumer disclosure.

**ANSWER:** In response to Paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 27 of the Complaint.

28. Due to widespread systemic problems, Experian's automated systems omit the final four account numbers, the Date of First Delinquency, account information, and payment history.

**ANSWER:** In response to Paragraph 28 of the Complaint, Experian admits that Plaintiff has made allegations regarding the content of a credit report, which report speaks for itself. Except as

specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 28 of the Complaint.

29. Experian knows of this error but, despite such knowledge, has yet to correct it.

**ANSWER:** In response to Paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 29 of the Complaint.

30. The failure to disclose the Date of First Delinquency, full account numbers, missing account information, and payment history violates the FCRA's requirement that Experian disclose all information contained in a consumer's credit file clearly and accurately. See *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request. ' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff bas stated a plausible claim for a violation of Section 609 of the FCRA.").

**ANSWER:** In response to Paragraph 30 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 30 of the Complaint.

31. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiffs) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether

the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied."

**ANSWER:** In response to Paragraph 31 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 31 of the Complaint.

32. The lack of accurate Date of First Delinquency information and full account numbers caused Plaintiff great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

**ANSWER:** In response to Paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 32 of the Complaint.

33. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account ( or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **See Exhibit B.**

**ANSWER:** In response to Paragraph 33 of the Complaint, Experian admits that Plaintiff alleges Exhibit B to be a letter, which letter speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 33 of the Complaint.

34. Experian's omission of the Date of First Delinquency and full account numbers greatly decreases Plaintiff's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

**ANSWER:** In response to Paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 34 of the Complaint.

35. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("COIA"), a trade association representing the CRAs, including Experian, states that: "This date is used to ensure compliance with the Fair Credit Reporting Act, and that "[t]he date in the Date of First Delinquency field must be determined each reporting period based on" the applicable account status codes. The Date of First Delinquency is used by the consumer reporting agencies for purging purposes." **See Exhibit C.**

**ANSWER:** In response to Paragraph 35 of the Complaint, Experian admits that Plaintiff alleges Exhibit C to be a certain document, which document speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 35 of the Complaint.

36. The Credit Reporting Resource Guide instructs data furnishers to report the Date of First Delinquency to consumer reporting agencies, including Experian, and recognizes the Date of First Delinquency as a mandatory, compliance-driven data field that furnishers are required to report and that consumer reporting agencies maintain for purposes of complying with the Fair Credit Reporting Act's requirements governing the reporting of adverse information.

**ANSWER:** In response to Paragraph 36 of the Complaint, Experian admits that Plaintiff alleges Exhibit C to be a certain document, which document speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 36 of the Complaint.

37. Upon information and belief, USDE complied with the *Credit Reporting Resource*

*Guide* and reported the Date of First Delinquency and full account numbers of its respective accounts to Experian.

**ANSWER:** In response to Paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 37 of the Complaint.

*Prevalence of Experian's Date of First Delinquency and Account Number Errors*

38. Upon information and belief, Experian's Disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

**ANSWER:** In response to Paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 38 of the Complaint.

39. Upon information and belief, this same template is used virtually every time a consumer requests their file from Experian through www.annualcreditreport.com.

**ANSWER:** In response to Paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 39 of the Complaint.

40. Upon information and belief, www.annualcreditreport.com is where most consumers obtain their Experian credit disclosure.

**ANSWER:** In response to Paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 40 of the Complaint.

41. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing Date of First Delinquency and account number errors.

**ANSWER:** In response to Paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

42. Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Experian through www.annualcreditreport.com since the template's use began received a consumer disclosure with the same errors as Plaintiff.

**ANSWER**: In response to Paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43. Experian's error has therefore likely affected thousands of consumers.

**ANSWER**: In response to Paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

44. Experian has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. See *Selvam v. Experian Information Solutions, Inc.,* 651 Fed. Appx. 29, 33 (2d Cir. 2016).

**ANSWER**: In response to Paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45. Experian 's knowing and repeated conduct warrants an award of ***punitive damages.***

**ANSWER**: In response to Paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46. Experian's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

**ANSWER**: In response to Paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

**ANSWER:** In response to Paragraph 47 of the Complaint, Experian states that allegations are legal conclusions that are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 47 of the Complaint.

48. Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of that right.

**ANSWER**: In response to Paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49. Plaintiff has hired the undersigned law firm to represent him in this proceeding and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

**ANSWER:** In response to Paragraph 49 of the Complaint, Experian admits that Plaintiff purports to have hired counsel to represent him in this matter. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 49 of the Complaint.

## V. COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681G(a)(1)

## AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

50. Plaintiff incorporates by reference paragraphs 1-49 of this Complaint.

**ANSWER**: In response to Paragraph 50 of the Complaint, Experian explicitly reincorporates by reference all of its answers and responses stated herein. To the extent that further response is required, Experian denies, generally and specifically, each and every allegation in Paragraph 50.

51. Experian violated 15 U.S.C. § 1681g(a)(l) when responding to Plaintiffs request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a consumer, all of the information in his file at the time of the request. Specifically, Experian disclosed two (2) accounts reported by the US Department of Education without the Date of First Delinquency and full account numbers, and seventeen (17) accounts reported without full account numbers, account information, and payment history, even though the information was reported by the data furnishers.

**ANSWER**: In response to Paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

52. Experian knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

**ANSWER**: In response to Paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

53. The conduct, action, and inaction of Experian were willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681 n.

**ANSWER**: In response to Paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

54. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**ANSWER**: In response to Paragraph 54 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

55. Plaintiff is entitled to recover attorneys' fees and costs from Experian pursuant to 15 U.S.C. § 1681n and/or§ 16810.

**ANSWER**: In response to Paragraph 55 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO PRAYER FOR RELIEF**

In response to the Paragraph titled "Prayer for Relief," and every subpart thereto, Experian denies that it has violated the FCRA and denies that Plaintiff is entitled to any relief from Experian. Experian further denies, generally and specifically, each and every allegation contained in Plaintiff's "Prayer for Relief" that relates to Experian.

**RESPONSE TO JURY DEMAND**

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable as expressly set forth the Complaint.

***

## EXPERIAN'S DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following defenses. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Experian admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which she is entitled.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint and each cause of action thereof fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND DEFENSE
### (STATUTES OF LIMITATIONS AND REPOSE)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

### THIRD DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

Plaintiff's claims against Experian are barred to the extent that all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

### FIFTH DEFENSE
### (LACHES)

The Complaint and each claim for relief therein are barred by laches.

**SIXTH DEFENSE**
**(CONTRIBUTORY/COMPARATIVE FAULT)**

On information and belief, Experian alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SEVENTH DEFENSE**
**(ESTOPPEL)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**EIGHTH DEFENSE**
**(UNCLEAN HANDS)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**NINTH DEFENSE**
**(ARBITRATION)**

Experian alleges on information and belief that Plaintiff's claims are the subject of an arbitration agreement between Plaintiff and Experian.

**TENTH DEFENSE**
**(INTERVENING/SUPERSEDING CAUSE)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**ELEVENTH DEFENSE**
**(IMPROPER PUNITIVE DAMAGES)**

Plaintiff fails to allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**TWELFTH DEFENSE**
**(ONE SATISFACTION RULE)**

In the event that Plaintiff has received or will receive monetary compensation or recovery of any kind in satisfaction of his claims against any person or entity other than Experian for the injuries alleged in the Complaint, any additional or separate damages against Experian for the same alleged injuries, which Experian continues to deny, must be offset by such amounts.

**THIRTEENTH DEFENSE**
**(COMPLIANCE WITH LEGAL REQUIREMENTS)**

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA.

**FOURTEENTH DEFENSE**
**(REASONABLE PROCEDURES)**

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

**RESERVATION OF RIGHTS**

Experian hereby reserves the right to amend its Answer and Affirmative Defenses, and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the FCRA, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: August 19, 2026

Respectfully Submitted,

GOODWIN PROCTER LLP

*s/ Amy M. Koss*
Amy M. Koss (PA Bar No. 333237)
3025 John F. Kennedy Boulevard, 8th Floor
Philadelphia, PA 19104
AKoss@goodwinlaw.com

*Attorneys for Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I, Amy M. Koss, hereby certify that on August 19, 2026, I caused the foregoing document to be served by electronic mail and first class mail on the following:

**Counsel for Plaintiff**:
Louis S. Schwartz
Consumer Law PA
1500 JFK Blvd., Ste 1825
Philadelphia PA 19102
215-790-1800

s/ *Amy M. Koss*
Amy M. Koss